

**FILED**
**Jan 24, 2020**
**12:26 PM(CT)**
**TENNESSEE**
**WORKERS' COMPENSATION**
**APPEALS BOARD**

# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Sylvester Andrews | ) | Docket No. 2018-03-0413 |
| | ) | |
| v. | ) | State File No. 9633-2018 |
| | ) | |
| Custom Foods of America, Inc., et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Robert V. Durham, Judge | ) | |

---

### Affirmed and Remanded

---

In this interlocutory appeal, the employer questions the trial court's decision denying the employer's motion to dismiss for failure to prosecute. After significant delays on the part of the employee in taking action on his claim, the employer asked that the case be dismissed. The trial court declined, finding the employee had presented sufficient information to indicate that he intended to pursue his claim. The employer has appealed. We affirm the trial court's decision and remand the case.

Judge David F. Hensley delivered the opinion of the Appeals Board in which Presiding Judge Timothy W. Conner joined. Judge Pele I. Godkin did not participate.

Cole B. Stinson, Lansing, Michigan, for the employer-appellant, Custom Foods of America, Inc.

Sylvester Andrews, Knoxville, Tennessee, employee-appellee, pro se

### Memorandum Opinion[1]

Sylvester Andrews ("Employee") alleged he suffered injuries arising out of and in the course and scope of his employment with Custom Foods of America, Inc.

---

[1] "The Appeals Board may, in an effort to secure a just and speedy determination of matters on appeal and with the concurrence of all judges, decide an appeal by an abbreviated order or by memorandum opinion, whichever the Appeals Board deems appropriate, in cases that are not legally and/or factually novel or complex." Appeals Bd. Prac. & Proc. § 1.3.

("Employer").[2]  On March 26, 2019, he filed a petition seeking benefits in which he requested Employer to provide medical care for injuries allegedly caused by his employment.  The parties engaged in unsuccessful mediation, and a dispute certification notice was issued on July 1, 2019.

On September 4, 2019, the trial court issued a show cause order due to Employee's failure to file a request for a hearing consistent with Tenn. Comp. R. & Regs. 0800-02-21-.11(1) (2019), which provides that "either party may file a request for expedited hearing or request for scheduling hearing."  The regulation further provides that "[i]f no request for hearing is filed within sixty (60) days after the dispute certification notice is filed, the clerk will set a show-cause hearing."  *Id.*  The show cause hearing was held on September 18, 2019, and the trial court issued an order the following day noting that Employee indicated he was unaware he needed to file a request for a hearing and did not understand the process.  Finding Employee provided sufficient indication that he wanted to pursue his case, the trial court declined to dismiss the case and stated in its order that Employee must file a request for a hearing on or before October 2, 2019, or his claim would be "subject to dismissal."  The court's order also provided the contact information for the Bureau of Workers' Compensation's Ombudsman's office.

On October 23, 2019, Employer filed a motion to dismiss, noting that, as of that date, Employee had not filed a request for a hearing despite being ordered by the trial court to do so.  Employer maintained Employee had been given sufficient time to pursue his claim but had not done so and asserted the case should be dismissed with prejudice.  Employee filed a request for expedited hearing on October 28 along with an affidavit that included Employee's assertions as to why he needed additional medical care.  The trial court convened a hearing at which Employee explained he did not receive the trial court's order instructing him to file a request for a hearing because the email had gone to his "trash" folder.  He also asserted he was waiting on "documentation to complete" from the Bureau.

On October 30, 2019, the court issued an order denying Employer's motion to dismiss.  The court apparently gave credence to Employee's assertions that he had not received the email containing the court's prior order because it had been directed to his "trash" file.  The court also noted that Employee filed a request for hearing when he received Employer's motion to dismiss.  For these reasons, the court declined to dismiss Employee's claim.  Employer has appealed.

---

[2] There has been no hearing at which testimony was given or documents were admitted into evidence. There is no information in the record before us addressing the mechanism of Employee's alleged work-related accident, the nature of the alleged injuries, or what treatment may be reasonable and necessary. However, such facts are not determinative of this appeal.

As an initial matter, we note that in Employer's brief on appeal, Employer cites Tennessee Code Annotated section 50-6-217(a)(3) (2016) (repealed 2017) in support of its argument that the trial court's decision should be reversed. Section 50-6-217(a)(3) authorized us to reverse or modify a trial court's decision if the rights of a party were prejudiced because the findings of the trial judge were "not supported by evidence that is both substantial and material in light of the entire record." However, as we have observed on numerous occasions, this code section was repealed effective May 9, 2017.[3] Consequently, the standard we apply in reviewing the trial court's decision presumes that the trial judge's factual findings are correct unless the preponderance of the evidence is otherwise. Tenn. Code Ann. § 50-6-239(c)(7) (2019).

Turning to the merits of Employer's appeal, Employer asserts the trial court abused its discretion in declining to dismiss Employee's claim. An abuse of discretion occurs when the trial court causes an injustice by applying an incorrect legal standard, reaches an illogical result, resolves the case on a clearly erroneous assessment of the evidence, or relies on reasoning that causes an injustice. *Gonsewski v. Gonsewski*, 350 S.W.3d 99, 105 (Tenn. 2011). Pursuant to this standard, "the appellate court should presume the decision is correct and should review the evidence in the light most favorable to the decision." *Id.* at 105-06. Although it is unclear from the record, it appears Employer is asserting that the trial court relied on reasoning that caused an injustice. We disagree.

As we have said on prior occasions, "trial courts have been charged with controlling the pace of litigation through the use of supervision and docket management which will ensure efficient disposition of civil cases. While we are mindful of the general assembly's emphasis on efficiency and timeliness in the 2013 Workers' Compensation Reform Act, we conclude that allowing a trial court to exercise discretion

---

[3] *See*, *Goodwin v. Morristown Driver's Services, Inc.*, No. 2017-03-1235, 2019 TN Wrk. Comp. App. Bd. LEXIS 37, at *6-7 (Tenn. Workers' Comp. App. Bd. July 31, 2019); *McLaurin v. AT&T Services, LLC*, No. 2017-03-1133, 2019 TN Wrk. Comp. App. Bd. LEXIS 6, at *4-5 (Tenn. Workers' Comp. App. Bd. Jan. 31, 2019); *Bullard v. Facilities Performance Grp.*, No. 2017-08-1053, 2018 TN Wrk. Comp. App. Bd. LEXIS 37, at *5 (Tenn. Workers' Comp. App. Bd. Aug. 7, 2018); *Ledford v. Mid-Georgia Courier, Inc.*, No. 2017-01-0740, 2018 TN Wrk. Comp. App. Bd. LEXIS 28, at *4 (Tenn. Workers' Comp. App. Bd. June 4, 2018); *Duignan v. Stowers Machinery Corp.*, No. 2017-03-0080, 2018 TN. Wrk. Comp. App. Bd. LEXIS 25, at *8-9 (Tenn. Workers' Comp. App. Bd. May 29, 2018); *Ogden v. McMinnville Tool & Die*, No. 2016-05-1093, 2018 TN Wrk. Comp. App. Bd. LEXIS 14, at *9-10 (Tenn. Workers' Comp. App. Bd. May 7, 2018); *Edwards v. Fred's Pharmacy*, No. 2017-06-0526, 2018 TN Wrk. Comp. App. Bd. LEXIS 9, at *5-6 (Tenn. Workers' Comp. App. Bd. Feb. 14, 2018); *Bowlin v. Servall, LLC*, No. 2017-07-0224, 2018 TN Wrk. Comp. App. Bd. LEXIS 6, at *6-7 (Tenn. Workers' Comp. App. Bd. Feb. 8, 2018); *Thompson v. Comcast Corp.*, No. 2017-05-0639, 2018 TN Wrk. Comp. App. Bd. LEXIS 1, at *12-13 (Tenn. Workers' Comp. App. Bd. Jan. 30, 2018); *Baker v. Electrolux*, No. 2017-06-0070, 2017 TN Wrk. Comp. App. Bd. LEXIS 65, at *5-6 (Tenn. Workers' Comp. App. Bd. Oct. 20, 2017); *Butler v. AAA Cooper Transp.*, No. 2016-07-0459, 2017 TN Wrk. Comp. App. Bd. LEXIS 54, at *5-6 (Tenn. Workers' Comp. App. Bd. Sept. 12, 2017); *Glasgow v. 31-W Insulation Co., Inc.*, No. 2017-05-0225, 2017 TN Wrk. Comp. App. Bd. LEXIS 51, at *11-12 (Tenn. Workers' Comp. App. Bd. Sept. 6, 2017).

in controlling the pace of litigation and in efficiently disposing of its cases does not run afoul of these objectives." *Smith v. The Newman Grp., LLC*, No. 2015-08-0075, 2015 TN Wrk. Comp. App. Bd. LEXIS 30, at \*9 (Tenn. Workers' Comp. App. Bd. Sept. 21, 2015) (citations omitted). As we also observed, dismissals are drastic measures and are, generally, disfavored, as it is preferable to decide disputes on their merits rather than on technicalities. *Id.* at \*10.

Here, as in *Smith*, the trial court convened a hearing on Employer's motion to dismiss for failure to prosecute, heard arguments from Employer and Employee, and concluded Employee had presented sufficient information indicating his intent to pursue his claim such that dismissal was inappropriate. Under these circumstances, we cannot conclude the trial court abused its discretion.

We affirm the decision of the trial court and remand the case. Costs on appeal are taxed to Employer.



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Sylvester Andrews | ) | Docket No. 2018-03-0413 |
| | ) | |
| v. | ) | State File No. 9633-2018 |
| | ) | |
| Custom Foods of America, Inc., et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Robert V. Durham, Judge | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 24th day of January, 2020.

| Name | Certified Mail | First Class Mail | Via Fax | Via Email | Sent to: |
|---|---|---|---|---|---|
| Sylvester C. Andrews | | | | X | kingsylvesterrecords@gmail.com |
| Cole B. Stinson Rosemary Marlatt | | | | X | cole.stinson@accidentfund.com rosemary.marlatt@accidentfund.com |
| Lindsay Hall | | | | X | lindsay.n.hall@tn.gov |
| Robert V. Durham, Judge | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | X | penny.patterson-shrum@tn.gov |

Olivia Yearwood
Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-1606
Electronic Mail: WCAppeals.Clerk@tn.gov